*Exhibit B*

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ERIK MARINES, INDIVIDUALLY, | § | |
| UNDER THE WRONGFUL DEATH ACT | § | |
| AND SURVIVAL STATUTE FOR THE | § | |
| DEATH OF ARTURO MARINES, | § | |
| DECEASED | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | Civil Action No. 5:15-cv-608 |
| | § | |
| TIGER TRANSPORTATION, INC., | § | |
| AND MANDAIR KULDIP SINGH | § | |
| *Defendants*. | § | |

## INDEX OF MATTERS BEING FILED

TO:   THE CLERK OF THE WESTERN DISTRICT COURT OF TEXAS, SAN ANTONIO DIVISION

Defendants, Tiger Transportation, Inc. and Mandair Kuldip Singh, attach this Index of Matters Being Filed to their Notice of Removal.

1. Plaintiff's Original Petition and Requests for Disclosure;

2. Executed Citation – Served on Defendant Tiger Transportation, Inc.;

3. Defendant Tiger Transportation, Inc.'s Original Answer; and

4. Defendant Mandair Kuldip Singh's Original Answer.

FILED FOR RECORD
At 10:31 o'clock A M

JUN 12 2015

MARICELA G. GONZALEZ
District Clerk, Dimmit County, Texas
By _____
Deputy

CAUSE NO. 15-06-12630-DCV

| | | |
|---|---|---|
| ERIK MARINES, INDIVIDUALLY | § | IN THE DISTRICT COURT OF |
| UNDER THE WRONGFUL DEATH ACT | § | |
| AND SURVIVAL STATUTE FOR THE | § | |
| DEATH OF ARTURO MARINES, DECEASED | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | DIMMIT COUNTY, TEXAS |
| | § | |
| | § | |
| VS. | § | |
| | § | |
| TIGER TRANSPORTATION, INC., AND | § | |
| MANDAIR KULDIP SINGH | § | |
| | § | |
| DEFENDANTS. | § | 293rd JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff Erik Marines complaining of Defendants Tiger Transportation, Inc. and Mandair Kuldip Singh, and files this Original Petition against the above-referenced Defendants. In support thereof, Plaintiff respectfully would show the Court as follows:

I.
### DISCOVERY TRACK

1.1    Plaintiff pleads that this case should be assigned to Discovery Track Level Three pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, and will seek an agreed Order or other Court Order to this effect.

II.
### PARTIES

2.1    Plaintiff, Erik Marines, is a citizen and resident of Del Rio, Val Verde County, Texas.  He is a surviving biological child of Arturo Marines, deceased.

A True Copy of the original, I Certify,
the 15th day of July 20 15
MARICELA G. GONZALEZ
Clerk of the District Court
Dimmit County, Texas
By _____ Deputy

1

2.2     Defendant Mandair Kuldip Singh ("Defendant Singh") is an individual that is a resident of Arlington, Tarrant County, Texas and can be served with process at the following address: 827 Shady Point Dr., Arlington, Texas 76013.

2.3     Defendant Tiger Transportation, Inc., ("Defendant Tiger Transportation") is a California company with its principal place of business in California. Defendant Tiger Transportation engages in business in Texas; has continuous and systematic contacts within the state of Texas; and derives substantial economic profits from Texas. Defendant Tiger Transportation does not maintain a regular place of business in Texas, nor does it have a designated agent for service of process in Texas. This proceeding arises out of Defendant Tiger Transportation's business done in Texas. As such, the Texas Secretary of State is the agent for service of process on Defendant Tiger Transportation pursuant to Texas Civil Practice and Remedies Code § 17.044(b). The Secretary of State may effectuate process on Defendant Tiger Transportation by mailing a copy of the petition and citation to its home office: Sarbjeet Kaur, 12668 South Highland Ave. Selma, California 93662.

### III.
### JURISDICTION AND VENUE

3.1     Plaintiff seeks monetary relief in excess of $1,000,000. The Court has subject matter jurisdiction over this civil action because the amount in controversy exceeds the minimal jurisdictional limits of this Court.

3.2     The Court has specific and general personal jurisdiction over all Defendants because they purposely availed themselves of the privilege of conducting activities within Texas; they have substantial and continuous contacts with the State of Texas, generally and with respect to this action, to satisfy both general and specific

2

minimum contacts; and exercising jurisdiction over them does not offend the traditional notions of fair play and substantial justice.

3.3     Although Plaintiff seeks damages in an amount exceeding $75,000, federal courts lack jurisdiction over this suit. There is incomplete diversity of citizenship, and Plaintiff's claims raise no federal question. Plaintiff seeks no relief under a federal law, statute, regulation, treaty, or constitution, nor do his rights to relief necessarily depend on the resolution of a substantial question of federal law. Thus, removal would be improper. Removal would also be improper due to the presence of one or more Defendants with Texas citizenship.

3.4     Venue is proper in Dimmit County, Texas, pursuant to Texas Civil Practices and Remedies Code § 15.002(a)(1), because it is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

3.5     Pursuant to § 15.005 of the Texas Civil Practice & Remedies Code, venue is proper as to all of Plaintiff's claims against all remaining Defendants because all of Plaintiff's claims arise from the same occurrence, transaction, or series of occurrences or transactions. All of Plaintiff's claims arise from the same injury and death caused by the subject crash.

## IV.
### BACKGROUND FACTS

4.1     On May 18, 2015, at approximately 12:34 p.m., Defendant Singh was operating a 2015 Kenworth tractor, towing a 2013 trailer. Defendant Singh was traveling North on US 277 in Dimmit County, Texas. At the same time, a 2014 Chevy Silverado, operated by Arturo Marines ("Plaintiff decedent"), was traveling south on US 277 in Dimmit County, Texas. According to the Texas Peace Officer's crash report, Defendant Singh, driving at an unsafe speed, lost control of the tractor and trailer causing the

tractor and trailer to jackknife into oncoming traffic. At that moment, and without any warning to Plaintiff decedent, Defendant Singh's tractor collided with the front of Plaintiff decedent's vehicle, causing Defendant Singh's trailer to roll over onto its right side. After the initial impact, Defendant Singh's trailer collided with the left side of Plaintiff decedent's vehicle, dragging Plaintiff decedent's vehicle off the roadway and into a ditch. Both the tractor and trailer operated by Defendant Singh and Plaintiff decedent's vehicle came to rest in a ditch. Plaintiff decedent sustained fatal injuries in the subject crash.

4.2    Based upon information and belief, the tractor and trailer that Defendant Singh was operating were owned by Defendant Tiger Transportation. Based upon information and belief, Defendant Singh was an employee of Defendant Tiger Transportation and was in the course and scope of his employment with Defendant Tiger Transportation at the time of the subject crash.

## CAUSES OF ACTION AGAINST DEFENDANT SINGH

### V.
### NEGLIGENCE AND NEGLIGENCE *PER SE*

5.1    Defendant Singh committed actions of omission and commission, which collectively and severally constituted negligence, and that negligence proximately caused the crash in question, the death of Plaintiff decedent, and Plaintiff's damages.

5.2    Defendant Singh had a duty to Plaintiff decedent to exercise ordinary care. Defendant Singh's acts or omission of negligence include, without limitation, one or more of the following:

(a)    Failing to pay attention while operating the subject tractor and trailer;

(b)    Failing to control the speed of the subject tractor and trailer;

(c)    Failing to operate the subject tractor and trailer in a single lane;

4

(d)     Failing to drive at a safe speed at the time of the subject crash; and,

(e)     Failing to maintain control of the subject tractor and trailer.

5.3     Defendant Singh's conduct was negligent *per se* because Defendant Singh breached a duty imposed upon him by statute or ordinance.  Plaintiff decedent belonged to a class of persons the statutes are designed to protect.  Defendant Singh violated these statutes without excuse.  Said violations proximately caused the subject crash, the death of Plaintiff decedent, and Plaintiff's damages.

5.4     Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence *per se* which proximately caused the subject crash, the death of Plaintiff decedent, and Plaintiff's damages.

## CAUSES OF ACTION AGAINST DEFENDANT TIGER TRANSPORTATION

### VI.
### NEGLIGENCE, NEGLIGENCE *PER SE*, AND *RESPONDEAT SUPERIOR*

6.1     Defendant Tiger Transportation committed actions of omission and commission, which collectively and severally constituted negligence, and that negligence proximately caused the crash in question, the death of Plaintiff decedent, and Plaintiff's damages.

6.2     Defendant Tiger Transportation had a duty to Plaintiff decedent to exercise ordinary care.  Defendant Tiger Transportation's acts or omission of negligence include, without limitation, one or more of the following:

(a)     Negligently hiring reckless and/or incompetent driver(s);

(b)     Negligently supervising its driver(s);

(c)     Negligently training its driver(s);

(d)     Negligently retaining its driver(s);

5

(e) Failing to enforce and ensure compliance of established safety and operational rules and regulations for its drivers; and,

(f) Negligently entrusting the subject tractor and trailer to an incompetent and reckless driver at the time of the crash in question.

6.3 Defendant Tiger Transportation also owed Plaintiff decedent a duty to hire, control and retain competent drivers. Defendant Tiger Transportation was reckless in the hiring and retention of Defendant Singh. Defendant Tiger Transportation breached these duties in that Defendant Singh was an incompetent and/or reckless driver.

6.4 The conduct of the Defendant Tiger Transportation was negligent *per se* because it breached a duty imposed upon it by statute or ordinance. Plaintiff decedent belonged to a class of persons the statutes are designed to protect. Defendant Tiger Transportation violated these statutes without excuse. Said violations proximately caused the subject crash, the death of Plaintiff decedent, and Plaintiff's damages.

6.5 Defendant Tiger Transportation is liable for the conduct of Defendant Singh under the doctrine of *respondeat superior*. Defendant Singh was employed by Defendant Tiger Transportation as its authorized agent, servant, and/or employee on the date in question. Defendant Singh was acting in furtherance of Defendant Tiger Transportation's business at the time of the crash in question.

## CAUSE OF ACTION AGAINST ALL DEFENDANTS

### VII.
### GROSS NEGLIGENCE

7.1 The conduct of all Defendants referenced above, in connection with the crash in question, constitutes gross negligence that was a proximate cause of the crash in question, the death of Plaintiff decedent, and Plaintiff's damages. When viewed

objectively, Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of harm to others.  Defendants were subjectively aware of and knew of this extreme risk, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff decedent.  Plaintiff is entitled to recover punitive damages, pursuant to § 41.003(a)(2) and (3) of the Texas Civil Practice and Remedies Code and Article XVI, § 26 of the Texas Constitution.

## DAMAGES

### VIII.
### ACTUAL DAMAGES

8.1     As a result of Plaintiff decedent's death, his biological child Plaintiff Erik Marines suffered in the past and will likely suffer in the future survival damages and wrongful death damages including mental anguish, loss of consortium, pecuniary loss, and loss of inheritance.

### IX.
### PUNITIVE DAMAGES

9.1     Because Defendants are guilty of gross negligence that proximately caused the death of Plaintiff decedent, they should have punitive damages assessed against them and awarded to Plaintiff in an amount deemed proper by the jury.

### X.
### PRE-JUDGMENT AND POST-JUDGMENT INTEREST

10.1    Plaintiff seeks pre-judgment and post-judgment interest at the maximum legal rate.

### XI.
### CONDITIONS PRECEDENT

11.1    All conditions precedent to Plaintiff's right to recover and Defendants' liability have been performed or has occurred.

## XII.
### JURY DEMAND

12.1    Plaintiff requests a trial by jury and, simultaneously to the filing of this pleading, tenders the requisite fee.

## XIII.
### REQUESTS FOR DISCLOSURE

13.1    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, all parties named herein as Defendants are required to disclose, within fifty (50) days of service of this request, the information and material described in Texas Rules of Civil Procedure 194.2(a)-(l).

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiff recovers judgment from Defendants for their actual and exemplary damages, in such an amount as the evidence shows and the jury determines to be proper, together with pre-judgment interest and post-judgment interest, costs of suit, and such other and further relief to which Plaintiff may show himself to be justly entitled to, whether at law or in equity.

Respectfully submitted,

**WATTS GUERRA, LLP**
4 Dominion Drive, Bldg. 3,
Suite 100
San Antonio, Texas 78257
(210) 447-0500 (Telephone)
(210) 447-0501 (Facsimile)

By: _____

MIKAL C. WATTS
State Bar No. 20981820
mcwatts@wattsguerra.com

FRANCISCO GUERRA, IV.
State Bar No. 00796684
fguerra@wattsguerra.com

JOSE G. "JOEY" GONZALEZ, JR.
State Bar No. 24007247
jgonzalez@wattsguerra.com

CESAR PEREZ
State Bar No. 00792753
cperez@wattsguerra.com

**ATTORNEYS FOR PLAINTIFF**

# The State of Texas



Service of Process
P.O. Box 12079
Austin, Texas 78711-2079

Phone: 512-463-5560
Fax: 512-463-0873
TTY (800) 735-2989
www.sos.state.tx.us

## Secretary of State

July 1, 2015

Tiger Transportation Inc.
Sarbjeet Kaur
12668 South Highland Ave.
Selma, CA 93662

| **2015-254910-1** |
| Include reference number in all correspondence |

RE:  Erik Marines Individually Under the Wrongful Death Act and Survival Statue for the
Death of Arturo Marines, Deceased VS Tiger Transportation Inc. and Mandair Kuldip
Singh
293rd Judicial District Court Of Dimmit County, Texas
Cause No: 150612630DCV

Dear Sir/Madam,

Pursuant to the Laws of Texas, we forward herewith by CERTIFIED MAIL, return receipt
requested, a copy of process received by the Secretary of State of the State of Texas on June
26, 2015.

CERTIFIED MAIL #71901046470100487702

Refer correspondence to:

Jose G. "Joey" Gonzalez, Jr
Watts Guerra, LLP
4 Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257

Sincerely,

Venita Okpegbue
Team Leader, Service of Process
GF/mr
Enclosure

Secretary of State
Service of Process
P.O. Box 12079
Austin, Texas 78711-2079



7190 1046 4701 0048 7702

**Return Receipt (Electronic)**

2015254910-1

Tiger Transportation Inc.
Sarbjeet Kaur
12668 South Highland Ave.
Selma, CA 93662

----------------------------------------------------------- CUT / FOLD HERE -----------------------------------------------------------

# THE STATE OF TEXAS

## CITATION BY PERSONAL SERVICE
### CAUSE NO.: 15-06-12630-DCV

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

TO: **TIGER TRANSPORTATION INC.**, may be served with process through the Texas Secretary of State. The Secretary of State may effectuate process on Defendant Tiger Transportation by mailing a copy of the petition and citation to is home office: SARBJEET KAUR, 12668 SOUTH HIGHLAND AVE. SELMA, CALIFORNIA 93662.

Defendant, in the hereinafter styled and numbered cause:15-06-12630-DCV

YOU ARE HEREBY COMMANDED to appear before the honorable 293RD DISTRICT COURT of Dimmit County, Texas, by filing a written answer to the Petition of Plaintiff(s) at or before 10:00 o'clock a.m. on the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in Cause Number 15-06-12630-DCV, styled

**ERIK MARINES INDIVIDUALLY UNDER THE WRONGFUL DEATH ACT AND SURVIVAL STATUTE FOR THE DEATH OF ARTURO MARINES, DECEASED**
**VS.**
**TIGER TRANSPORTATION INC. AND MANDAIR KULDIP SINGH**

filed in said court on the 12th day of June, 2015.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said court at office, this the 15th day of June, 2015.

MARICELA G. GONZALEZ, DISTRICT CLERK
Dimmit County, Texas
103 North 5th Street
Carrizo Springs, TX 78834

SEAL

By: _Dora A. Balderas_
DORA A. BALDERAS, CHIEF DEPUTY CLERK

RECEIVED
SECRETARY OF STATE

JUN 2 6 2015

Service of Process

PLAINTIFF'S ATTORNEY:
JOSE G. GONZALEZ, JR.
BANK OF AMERICA PLAZA, SUITE 100 300 CONVENT STREET
SAN ANTONIO, TEXAS 78205

0025491 0

Case No. 15-06-12630-DCV

## Citation by Personal Service

### 293RD DISTRICT COURT of DIMMIT COUNTY, TEXAS

**Issued**
This 15th day of June, 2015
Maricela G. Gonzalez, District Clerk
Dimmit County, Texas

By _____
DORA A. BALDERAS, CHIEF DEPUTY CLERK

## RETURN OF CITATION

Came to hand on the _____ day of _____, 2 _____, at _____ o'clock _____.M.
_____ Executed at _____, within the County of _____, at _____ o'clock
_____.M. on the _____ day of _____, 2_____, by delivering to the within named
_____ in person, a true copy of this citation together with the accompanying copy of the
petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the
date of delivery.
_____ Not executed, the diligence used to execute being_____
_____; for the following reason _____
_____, the Defendant may be found _____.

TO CERTIFY WHICH WITNESS MY HAND OFFICIALLY.

_____ Authorized Person

_____ County , Texas

By                                                                                    Deputy

## VERIFICATION

State of Texas
County of _____

Before me, on this day personally appeared _____, who being duly
sworn on his oath deposed and said that he is of sound mind, and in no manner interested in the within styled and numbered
cause, and competent to make the oath of the facts herein stated, and that he has read the foregoing Return of Citation and
that every statement contained therein is within his personal knowledge true and correct.

_____ Authorized Person

Subscribed and sworn to before me on _____, 2_____, to certify which witness my hand
and official seal.

_____
Notary Public in and for

_____ County , Texas
My commission expires: _____
_____
Notary's signature



COPY

FILED FOR RECORD
At 11:09 o'clock A M

JUL 20 2015

CAUSE NO. 15-06-12630-DCV

MARICELA G. GONZALEZ
District Clerk, Dimmit County, Texas
By_____ Deputy

| | | |
|---|---|---|
| ERIK MARINES, INDIVIDUALLY, | § | IN THE DISTRICT COURT OF |
| UNDER THE WRONGFUL DEATH ACT | § | |
| AND SURVIVAL STATUTE FOR THE | § | |
| DEATH OF ARTURO MARINES, | § | |
| DECEASED | § | |
|     *Plaintiffs,* | § | |
| | § | |
| V. | § | DIMMIT COUNTY, TEXAS |
| | § | |
| TIGER TRANSPORTATION, INC AND | § | |
| MANDAIR KULDIP SINGH | § | |
|     *Defendants.* | § | 293rd *JUDICIAL DISTRICT* |

### DEFENDANT'S TIGER TRANSPORTATION, INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant Tiger Transportation, Inc., and files its Original Answer and as grounds therefore would respectfully show unto the Court and Jury as follows:

### I.
### GENERAL DENIAL

1.    The TEXAS RULES OF CIVIL PROCEDURE and, in particular Rule 92, affords citizens and corporations of this state certain protections with respect to lawsuits of this type. Accordingly, Defendant invokes the provisions of that rule and do generally deny the allegations now made against it by the Plaintiff and his attorney.

2.    At any trial of this cause, Defendant will exercise its legal rights in this regard and require Plaintiff to carry the burden of proof, which the law imposes upon him, to prove each and every material allegation contained in his pleadings by a preponderance of the credible evidence.

### II.
### DEFENSES

3.    Defendant would show that the accident made the basis of this lawsuit was proximately caused by an Act of God.

4.      Defendant would show that any and all injuries and/or damages sustained by Plaintiff were the result, in whole or in part, of acts and/or omissions of third parties over whom Defendant had no control.

5.      Defendant would show onto the Court that as to medical expenses only the amount actually paid and/or incurred by Plaintiff is recoverable by Plaintiff in this lawsuit. TEXAS CIVIL PRACTICE & REMEDIES CODE SECTION 41.0105.  Any amount that is discounted, written off, or adjusted following contribution of a third party payor (including but not limited to Medicaid, Medicare or by Managed Care Administrator) is not an amount that is "paid or incurred," and should not be submitted to the jury or included in any economic damage award.

6.      Plaintiff's damages with respect to loss of earnings and/or loss of inheritance are limited to a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law as set forth in §18.091 of the TEXAS PRACTICE & REMEDIES CODE.

7.      Pleading further, Defendant states that Plaintiff is not entitled to recover punitive damages or exemplary damages in any form or fashion in his alleged cause of action against Defendant in that it would violate Defendant's rights under the Constitution of the United States and the Constitution of the State of Texas.  In the alternative, and without waiving the foregoing, Defendant is entitled to the protections afforded to it under TEXAS CIVIL PRACTICE & REMEDIES CODE ANN. §41.003 et. seq.

## IV.
## JURY DEMAND

8.      Defendant tenders its statutory jury fee and demands a trial by jury.

## V.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Tiger Transportation, Inc. prays that upon final hearing of this cause that the Court enter its judgment to the effect that Plaintiff take nothing by way of his cause of action against the Defendant, that Defendant is awarded court costs, legal interest, both prejudgment and post judgment interest, and for such other and further relief to which the Defendant may be justly entitled, either at law or in equity.

Respectfully submitted,

**CASTAGNA SCOTT LLP**
1120 S. Capital of Texas Hwy
Building 2, Suite 270
Austin, Texas 78746
512/329-3290
888/255-0132 fax

By: _____

    Lynn S. Castagna
    State Bar No. 03980520
    Lynn@texasdefense.com
    Stephen Bega
    State Bar No. 24012269
    Stephen@texasdefense.com
    Todd M. Fine
    State Bar No. 24089151
    Todd@texasdefense.com

**ATTORNEYS FOR DEFENDANT**
**TIGER TRANSPORTATION, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel in the manner indicated below:

*VIA FACSIMILE: 210/447-0501*
Mikal C. Watts
Francisco Guerra, IV
Jose G. "Joey" Gonzalez, Jr.
Cesar Perez
WATTS GUERRA, LLP
4 Dominion Drive, Bldg. 3
Suite 100
San Antonio, Texas 78257

and in accordance with the Texas Rules of Civil Procedure, on the 17th day of July, 2015.

Todd M. Fine

CAUSE NO. 15-06-12630-DCV

| | | |
|---|---|---|
| ERIK MARINES, INDIVIDUALLY, | § | IN THE DISTRICT COURT OF |
| UNDER THE WRONGFUL DEATH ACT | § | |
| AND SURVIVAL STATUTE FOR THE | § | |
| DEATH OF ARTURO MARINES, | § | |
| DECEASED | § | |
|     *Plaintiffs,* | § | |
| | § | |
| V. | § | DIMMIT COUNTY, TEXAS |
| | § | |
| TIGER TRANSPORTATION, INC AND | § | |
| MANDAIR KULDIP SINGH | § | |
|     *Defendants.* | § | 293rd JUDICIAL DISTRICT |

**DEFENDANT MANDAIR KULDIP SINGH'S ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant Kuldip Singh Mandair (incorrectly sued as "Mandair Kuldip Singh"), and files his Original Answer and as grounds therefore would respectfully show unto the Court and Jury as follows:

**I.**
**GENERAL DENIAL**

1.     The TEXAS RULES OF CIVIL PROCEDURE and, in particular Rule 92, affords citizens and corporations of this state certain protections with respect to lawsuits of this type. Accordingly, Defendant invokes the provisions of that rule and do generally deny the allegations now made against him by the Plaintiff and his attorney.

2.     At any trial of this cause, Defendant will exercise his legal rights in this regard and require Plaintiff to carry the burden of proof, which the law imposes upon him, to prove each and every material allegation contained in his pleadings by a preponderance of the credible evidence.

## II.
## DEFENSES

3.      Defendant would show that the accident made the basis of this lawsuit was proximately caused by an Act of God.

4.      Defendant would show that any and all injuries and/or damages sustained by Plaintiff were the result, in whole or in part, of acts and/or omissions of third parties over whom Defendant had no control.

5.      Defendant would show onto the Court that as to medical expenses only the amount actually paid and/or incurred by Plaintiff is recoverable by Plaintiff in this lawsuit. TEXAS CIVIL PRACTICE & REMEDIES CODE SECTION 41.0105.  Any amount that is discounted, written off, or adjusted following contribution of a third party payor (including but not limited to Medicaid, Medicare or by Managed Care Administrator) is not an amount that is "paid or incurred," and should not be submitted to the jury or included in any economic damage award.

6.      Plaintiff's damages with respect to loss of earnings and/or loss of inheritance are limited to a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law as set forth in §18.091 of the TEXAS PRACTICE & REMEDIES CODE.

7.      Pleading further, Defendant states that Plaintiff is not entitled to recover punitive damages or exemplary damages in any form or fashion in his alleged cause of action against Defendant in that it would violate Defendant's rights under the Constitution of the United States and the Constitution of the State of Texas.  In the alternative, and without waiving the foregoing, Defendant is entitled to the protections afforded to it under TEXAS CIVIL PRACTICE & REMEDIES CODE ANN. §41.003 et. seq.

8.      Defendant Mandair Kuldip Singh has been incorrectly sued and is not liable in the capacity in which he has been sued.

### III.
### JURY DEMAND

9.      Defendant demands a trial by jury.

### IV.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Kuldip Singh Mandair prays that

upon final hearing of this cause that the Court enter its judgment to the effect that Plaintiff take

nothing by way of his cause of action against the Defendant, that Defendant is awarded court

costs, legal interest, both prejudgment and post judgment interest, and for such other and further

relief to which the Defendant may be justly entitled, either at law or in equity.

Respectfully submitted,

**CASTAGNA SCOTT LLP**
1120 S. Capital of Texas Hwy
Building 2, Suite 270
Austin, Texas 78746
512/329-3290
888/255-0132 fax

By:  _____

Lynn S. Castagna
State Bar No. 03980520
Lynn@texasdefense.com
Stephen Bega
State Bar No. 24012269
Stephen@texasdefense.com
Todd M. Fine
State Bar No. 24089151
Todd@texasdefense.com

**ATTORNEYS FOR DEFENDANT**
**KULDIP SINGH MANDAIR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel in the manner indicated below:

> ***VIA FACSIMILE: 210/447-0501***
> Mikal C. Watts
> Francisco Guerra, IV
> Jose G. "Joey" Gonzalez, Jr.
> Cesar Perez
> WATTS GUERRA, LLP
> 4 Dominion Drive, Bldg. 3
> Suite 100
> San Antonio, Texas 78257

and in accordance with the Texas Rules of Civil Procedure, on the 24th day of July, 2015.

Todd M. Fine